UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-01569 JAK (AGRx) | Date | August 8, 2017 |
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | |

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) ORDER RE DEFENDANT RUSHMORE LOAN
MANAGEMENT, LLC AND ELIZON MASTER PARTICIPATION TRUST I,
U.S. BANK TRUST NATIONAL ASSOCIATION, LAW OFFICES OF LES
ZIEVE, AND DB STRUCTURED PRODUCTS, INC.'S MOTION TO DISMISS
COMPLAINT (DKT. 12); DANIEL L. PERL'S JOINDER IN DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT (DKT. 15); AND OCWEN LOAN
SERVICING, LLC'S JOINDER IN MOTION TO DISMISS THE COMPLAINT
(DKT. 17)**

## I.    Introduction

John St. Dennis ("Plaintiff") brought this action in the Los Angeles County Superior Court on April 4, 2016.
Complaint, Dkt. 1 at 8. The action was removed on February 24, 2017. Dkt. 1. The First Amended
Complaint ("FAC") names the following defendants: Rushmore Loan Management Services, LLC
("Rushmore"); DB Structured Products, Inc. ("DB Structured"); Ocwen Loan Servicing, LLC ("Ocwen");
Elizon Master Participation Trust I ("Elizon"); U.S. Bank National Association ("U.S. Bank"); Law Offices
of Les Zieve ("Zieve") and Daniel L. Perl ("Perl") (collectively "Defendants"). FAC, Dkt. 1 at 117. The FAC
advances the following causes of action: (i) quiet title; (ii) fraud; (iii) slander of title; (iv) violation of the Fair
Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and (v) violation of Cal. Bus. & Prof.
Code § 17200.

On March 3, 2017, DB Structured, Elizon, Zieve and Rushmore brought a Motion to Dismiss ("Motion").
Dkt. 12. The same day, Perl filed a Notice of Joinder in the Motion ("Perl Joinder"). Dkt. 15. On March 6,
2017, Ocwen also filed a Notice of Joinder in the Motion ("Ocwen Joinder"). Dkt. 17. DB Structured,
Elizon, Zieve, Rushmore, Perl and Ocwen are referred to collectively as "Moving Defendants." On April
17, 2017, Plaintiff opposed the Motion ("Opposition"). Dkt. 21.[1] On April 24, the Moving Defendants
replied ("Reply"). Dkt. 24.

A hearing on the Motion was held on May 8, 2017. Dkt. 25. At the hearing, the parties were directed to file
supplemental briefing regarding whether Plaintiff had an obligation to disclose the claims at issue in this

---

[1] The Opposition was untimely. Pursuant to the Standing Orders, the Opposition should have been filed 14 days
after the filing of the Motion. Dkt. 7 at 9. It was filed more than 30 days late. However, because no prejudice resulted
from this late filing, the Opposition is considered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01569 JAK (AGRx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | |

case as assets in his prior bankruptcies. They were also directed to address the effect, if any, the prior bankruptcies had on Plaintiff's ability to bring this action. *Id.* Upon receiving the supplement briefing, the matter was taken under submission.

For the reasons stated in this Order, the Motion is **GRANTED IN PART AND DENIED IN PART**.

## II.    Factual Background

In 2002, Plaintiff acquired a property at 811 Bejay Place, San Pedro, California ("Bejay Property") by grant deed. FAC at ¶ 1; *see also*, Ex. 1 to Request for Judicial Notice, Dkt. 12-1 at 12.[2]

---

[2] Moving Defendants filed a Request for Judicial Notice as part of the Motion to Dismiss. Dkt. 12-1. The Request sought judicial notice of the following documents:

- **Ex. 1**: A Deed of Trust recorded on October 10, 2006 as Instrument Number 062243568 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 2**: A Notice of Default recorded on May 15, 2007, as Instrument Number 20071173063 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 3**: A Substitution of Trustee recorded on September 27, 2007, as Instrument Number 20072227234 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 4**: A Notice of Trustee's Sale recorded on September 27, 2007, as Instrument Number 20072227235 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 5**: A Notice of Rescission recorded on July 16, 2006 as Instrument Number 20081254229 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 6**: A Notice of Default recorded on September 03, 2008, as Instrument Number 20081585478 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 7**: A Substitution of Trustee recorded on October 7, 2008, as Instrument Number 20081792164 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 8**: A Notice of Trustee's Sale recorded on February 28, 2009, as Instrument Number 20090273320 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 9**: A Notice of Trustee's Sale recorded on March 18, 2011, as Instrument Number 20110411362 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 10**: A Notice of Trustee's Sale recorded on June 6, 2011, as Instrument Number 20110772275 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 11**: A Notice of Trustee's Sale recorded on January 31, 2012, as Instrument Number 20120170211 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 12**: A Substitution of Trustee recorded on July 23, 2013, as Instrument Number 20131077993 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 13**: A Notice of Rescission recorded on August 26, 2013 as Instrument Number 20131248393 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 14**: The Docket for the Bankruptcy case titled *In re John St. Dennis* filed in the United States Bankruptcy Court for the Central District of California, as case number 2:09-bk-28976 on July 22, 2009.
- **Ex. 15**: The Petition for the Bankruptcy case titled *In re John St. Dennis* filed in the United States Bankruptcy Court for the Central District of California, as case number 2:09-bk-28976 on July 22, 2009.
- **Ex. 16**: The Docket for the Bankruptcy case titled *In re John St. Dennis* filed in the United States Bankruptcy Court for the Central District of California, as case number 2:10-bk-55158 on July 22, 2009.
- **Ex. 17**: The Petition for the Bankruptcy case titled *In re John St. Dennis* filed in the United States Bankruptcy Court for the Central District of California, as case number 2:10-bk-55158 on July 22, 2009.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01569 JAK (AGRx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | |

On October 10, 2006, Plaintiff executed a Deed of Trust with respect to the Bejay Property with First Street Financial to secure the amount of $588,000. FAC at ¶ 12. Security Union Title Company was the trustee. *Id.* Plaintiff obtained a mortgage on the Bejay Property on December 15, 2006. *Id.* at ¶ 13.

On December 20, 2006, Plaintiff received a notice from First Street Financial stating that the servicing rights for his loan would be transferred to Ocwen, effective January 1, 2007. *Id.* at ¶ 13. However, on December 22, 2006, Plaintiff received another notice stating that the prior notification had been delivered

- **Ex. 18**: A Grant Deed recorded on March 28, 2012 as Instrument Number 20120473715 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 19**: The Petition for the Bankruptcy case titled *In re Suong Hi Yi* filed in the United States Bankruptcy Court for the Central District of California, as case number 2:11-bk-60043 on December 08, 2011.
- **Ex. 20**: A Grant Deed recorded on December 3, 2012 as Instrument Number 20121846228 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 21**: The Petition for the Bankruptcy case titled *In re Rosa M. Tello* filed in the United States Bankruptcy Court for the Central District of California, as case number 2:12-bk-49528 on November 30, 2012.
- **Ex. 22**: The Petition for the Bankruptcy case titled *In re Chun Hai Park* filed in the United States Bankruptcy Court for the Central District of California, as case number 2:12-bk-45415 on October 22, 2012.
- **Ex. 23**: A Grant Deed recorded on February 1, 2013 as Instrument Number 20130168754 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 24**: A Grant Deed recorded on January 3, 2014 as Instrument Number 20140005843 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 25**: An Assignment of Deed of Trust recorded on April 20, 2015 as Instrument Number 20150437999 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 26**: An Assignment of Deed of Trust recorded on December 10, 2015 as Instrument Number 20151553920 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 27**: An Assignment of Deed of Trust recorded on December 10, 2015 as Instrument Number 20151553921 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 28**: A Substitution of Trustee recorded on February 8, 2016 as Instrument Number 20160139900 in the Official Records of the Los Angeles County Recorder's Office.
- **Ex. 29**: A Notice of Default recorded on February 8, 2016 as Instrument Number 20160139901 in the Official Records of the Los Angeles County Recorder's Office.

Exhibits 1-13, 18, 20 and 23-29 are subject to judicial notice because they are true and correct copies of official records of the Los Angeles County Recorder's Office. *See Settle v. World Sav. Bank, FSB*, No. ED CV 11-00800 MMM, 2012 WL 1026103, at *3 (C.D. Cal. Jan. 11, 2012) (listing cases granting judicial notice of notices recorded in a municipal recorder's office). Exhibits 14-17, 19 and 21-22 are subject to judicial notice because they reflect the records of other federal courts. *Morris v. SPSSM Investments 8, LP*, No. CV1401305MMMMANX, 2014 WL 12573523, at *3 (C.D. Cal. June 4, 2014) ("Courts may take judicial notice of such documents, as they are 'capable of immediate and accurate determination by resort to' a source -- the courts' dockets -- which are 'of reasonably indisputable accuracy.'").

Plaintiff argues that "while the incident of these recorded ASSIGNMENTS and NOTICES is judicially noticeable the contents of the recordings are not." Dkt. 21 at 20. However, the contents of the documents are subject to judicial notice, but the truth of the representations made in those documents is not. For example, it is appropriate to take judicial notice that the Substitution of Trustee recorded on February 8, 2016 stated that Zieve was substituted as the trustee. Ex. 28 to Request for Judicial Notice, Dkt. 12-1 at 161. However, whether Zieve was actually substituted on that date is not subject to such notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01569 JAK (AGRx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | |

in error, and that First Street Financial still owned the servicing rights to his loan. *Id.*

The FAC alleges that, between 2006 and 2007, an entity called DB Structured purchased or financed 8815 mortgages from third-party originators. *Id.* at ¶ 14. It then securitized these loans. *Id.* The FAC alleges that Plaintiff's mortgage was sold into a trust called ACE Securities Corp. Home Equity Loan Trust, Series 2007HE4 ("ACE 2007HE4 Trust"). *Id.* at ¶ 16. The ACE 2007HE4 Trust became effective on or about April 1, 2007. *Id.*

On May 15, 2007, Ocwen recorded a Notice of Default against the Bejay Property. *Id.* at ¶ 17; *see also* Ex. 2 to Request for Judicial Notice, Dkt. 12-1 at 36 (recording a Notice of Default in the amount of $22,142.10). Ocwen acted on the authority of the ACE Securities Corp. Home Equity Loan Trust Series 2007-ASAP1, Asset-Backed Pass Through Certificates ("ACE 2007-ASAP1 Trust"). *Id.* However, the FAC alleges that, at this time, First Street was still Plaintiff's mortgage servicer and the ACE 2007HE4 Trust was the beneficiary. *Id.*

On June 15, 2007, First Street was closed and became a defunct corporation. *Id.* at ¶ 18. On October 30, 2007, First Street surrendered its mortgage lender/broker license. *Id.* at ¶ 22.

On September 27, 2007, Ocwen as servicer, and Security Union Title as trustee, recorded a substitution of Alliance Title Company Default Service Center ("Alliance") as trustee on the authority of the ACE 2007-ASAP1 Trust. *Id.* at ¶ 19; *see also* Ex. 3 to Request for Judicial Notice, Dkt. 12-1 at 40. Also on that date, Alliance as trustee recorded a Notice of Trustee's Sale on behalf of the ACE 2007-ASAP1 Trust. *Id.* at ¶ 20; *see also* Ex. 4 to Request for Judicial Notice, Dkt. 12-1 at 44. On October 12, 2007, Plaintiff paid $10,000 to Ocwen, which was collecting on behalf of ACE 2007-ASAP1 Trust. *Id.* at ¶ 21.

On July 16, 2008, Fidelity National Trust Company ("Fidelity") recorded a rescission of the Notice of Default, acting as the "duly appointed Trustee or . . . as Agent for the Beneficiary." *Id.* at ¶ 23. The beneficiary was identified as First Street Financial. Ex. 5 to Request for Judicial Notice, Dkt. 12-1 at 49.

On September 3, 2008, a second Notice of Default was recorded against Plaintiff, with Ocwen as servicer and Cal-Western as trustee. FAC at ¶ 24; *see also* Ex. 6 to Request for Judicial Notice, Dkt. 12-1 at 53. This Notice of Default was brought on behalf of the ACE 2007HE4 Trust. *Id.* The FAC alleges that no assignment was recorded between the ACE 2007-ASAP1 Trust and the ACE 2007HE4 Trust. *Id.* Moreover, Cal-Western had not been substituted as trustee. *Id.* Ocwen substituted Cal-Western as trustee by on October 7, 2008. *Id.* at ¶ 25; *see also* Ex. 7 to Request for Judicial Notice, Dkt. 12-1 at 56.

On February 26, 2009, a Notice of Trustee's Sale was recorded as to the Bejay Property. Ex. 8 to Request for Judicial Notice, Dkt. 12-1 at 61. The Notice identified Cal-Western as the trustee. *Id.*

Plaintiff filed for Chapter 7 bankruptcy on July 22, 2009. Ex. 14 to Request for Judicial Notice, Dkt. 12-1 at 87.[3] Plaintiff did not disclose any claim against Defendants in this case. Ex. 15 to Request for Judicial Notice, Dkt. 12-1 at 92. The case was closed without discharge on August 14, 2010. Ex. 14 to Request for

---

[3] Plaintiff states that he also filed for bankruptcy on July 2, 2009. Dkt. 27 at 3. However, no evidence of this filing has been presented, and the Bankruptcy Court case number that Plaintiff has provided (2:09-bk-2897-SB) does not lead to any results on a search on PACER.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01569 JAK (AGRx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | |

Judicial Notice at 89.

On October 20, 2010, Plaintiff filed for Chapter 13 bankruptcy. Ex. 16 to Request for Judicial Notice, Dkt. 12-1 at 104. Again, no claim against Defendants in this case was disclosed. Ex. 17 to Request for Judicial Notice, Dkt. 12-1 at 110. The case was dismissed after Plaintiff failed to appear at a meeting of creditors. Ex. 16 to Request for Judicial Notice, Dkt. 12-1 at 108.

On March 18, 2011, another Notice of Trustee's Sale was recorded as to the Bejay Property. Ex. 9 to Request for Judicial Notice, Dkt. 12-1 at 66.

On April 8, 2011, Plaintiff sent a Qualified Written Request ("QWR") to Cal-Western. FAC at ¶ 26. On May 20, 2011, Cal-Western responded with an "Affidavit of Lost Assignment of the Deed of Trust." *Id.* The affidavit stated that they had mistakenly not recorded an assignment from First Street Financial to them. *Id.*

On June 6, 2011, a third Notice of Trustee's Sale was recorded as to the Bejay Property, which identified Cal-Western as the trustee. Ex. 10 to Request for Judicial Notice, Dkt. 12-1 at 70.

On January 31, 2012, a fourth Notice of Trustee's Sale was recorded as to the Bejay Property, which identified Cal-Western as the trustee. Ex. 11 to Request for Judicial Notice, Dkt. 12-1 at 76.

On March 28, 2012, a Grant Deed was recorded in which Plaintiff granted the Bejay Property to himself, HK America, and R & B Investment Group. Ex. 18 to Request for Judicial Notice, Dkt. 12-1 at 115. HK America had filed for Chapter 7 bankruptcy on December 8, 2011. Ex. 19 to Request for Judicial Notice, Dkt. 12-1 at 118. No claim was disclosed against Defendants in this case. *Id.*

On December 3, 2012, a Grant Deed was recorded wherein HK America granted the Bejay Property to Plaintiff, MRA Trust, and PCH Trust as joint tenants. Ex. 20 to Request for Judicial Notice, Dkt. 12-1 at 12. MRA Trust had filed for Chapter 7 bankruptcy on November 30, 2012. Ex. 21 to Request for Judicial Notice, Dkt. 12-1 at 126. PCH Trust had filed for Chapter 7 bankruptcy on October 22, 2012. Ex. 22 to Request for Judicial Notice, Dkt. 12-1 at 133. Again, no claim was disclosed against Defendants in this case. *Id.*

On February 1, 2013, a Grant Deed was recorded wherein HK America and R & B Investment Group granted the Bejay Property back to Plaintiff. Ex. 23 to Request for Judicial Notice, Dkt. 12-1 at 139.

On July 23, 2013, a Substitution of Trustee was recorded substituting Cal-Western as the trustee and identifying the beneficiary of the Deed of Trust as the ACE 2007HE4 Trust. Ex. 12 to Request for Judicial Notice, Dkt. 12-1 at 81. Cal-Western replaced Security Union Title, the original trustee. *Id.*

On August 26, 2013, Ocwen, as servicing agent, and Cal-Western as trustee recorded a rescission of the second Notice of Default. *Id.* at ¶ 27; *see also* Ex. 13 to Request for Judicial Notice, Dkt. 12-1 at 84.

On January 3, 2014, a Grant Deed was recorded in which MRA Trust and PCH Trust granted the Bejay Property back to Plaintiff. Ex. 24 to Request for Judicial Notice, Dkt. 12-1 at 143.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01569 JAK (AGRx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | |

On January 12, 2014, a letter was sent to the Bejay Property from Ocwen, addressed to Melissa Shannon. Ex. N to FAC, Dkt. 1 at 211. The letter stated that ownership of Shannon's mortgage loan had been transferred by Ocwen to DB Structured, effective December 31, 2013. *Id.* The letter also stated that the transfer had not been publicly recorded, and that Ocwen, and not DB Structured, was the servicer of the loan. *Id.* There is no other showing that anyone named Melissa Shannon was associated with the loan at issue in this action.

The FAC alleges that, on March 20, 2014, investors in the ACE 2007HE4 Trust initiated a civil action against DB Structured in a district court in New York for failure to repurchase non-performing mortgage loans. FAC at ¶ 30. However, the district court opinion in that case, which was issued on March 20, 2014, indicates that the suit was filed sometime between March and May of 2013. *Ace Sec. Corp. Home Equity Loan Trust, Series 2007-HE3 ex rel. HSBC Bank USA, Nat. Ass'n v. DB Structured Prod., Inc.*, 5 F. Supp. 3d 543, 547 (S.D.N.Y. 2014).

On April 20, 2015, DB Structured recorded an Assignment of the Deed of Trust from First Street to them. *Id.* at ¶ 29; *see also* Ex. 25 to Request for Judicial Notice, Dkt. 12-1 at 147. The assignment was dated March 11, 2015. *Id.* Plaintiff alleges that this assignment was fraudulent because First Street had been defunct for eight years, and the assignment bypassed the ACE 2007HE4 Trust. *Id.* The assignment was authorized by Perl, the former CEO of First Street. *Id.*

On April 24, 2015, DB Structured filed a complaint for judicial foreclosure against Plaintiff claiming to be the current payee of the promissory note secured by the Bejay Property. *Id.* at ¶ 31. In the complaint, DB Structured alleged that it was unable to obtain an assignment of the Deed of Trust from First Street because it was a defunct corporation. *Id.* Thus, there was a break in the chain of assignments requiring judicial determination of title. *Id.* The complaint also alleged that First Street had endorsed an allonge to Plaintiff's promissory note in blank and delivered it to DB Structured. *Id.* at ¶ 32. However, it did not produce the note. *Id.* DB Structured requested an equitable assignment of the promissory note from the court. *Id.*

On June 24, 2015, Plaintiff received a Notice of Assignment of servicing rights from Ocwen to Rushmore. *Id.* at ¶ 33. However, the FAC alleges that Plaintiff never received an initial Notice of Assignment of servicing rights to Ocwen. *Id.*

On June 25, 2015, Plaintiff demurred to the complaint for judicial foreclosure, arguing that DB Structured was a sponsor to the securitization of Plaintiff's promissory note, not the holder or beneficiary of the note. *Id.* at ¶ 34. DB Structured voluntarily dismissed that action without prejudice on September 2, 2015. *Id.* at ¶ 35.

On December 10, 2015, DB Structured recorded an Assignment of Plaintiff's Deed of Trust from them to "SP Mortgage Trust at 60 Wall Street." *Id.* at ¶ 36; *see also* Ex. 26 to Request for Judicial Notice, Dkt. 12-1 at 150. The FAC alleges that SP Mortgage Trust was a Special Purpose Vehicle controlled by DB Structured's parent company, Deutsche Bank. *Id.* A handwritten note on the assignment states, "collateral is pending." *Id.* That same day, the Deed of Trust was assigned again to Elizon. *Id.* at ¶ 37; Ex. 27 to Request for Judicial Notice, Dkt. 12-1 at 155.

On February 8, 2016, Zieve recorded a Substitution as Trustee on the authority of Elizon as the new

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01569 JAK (AGRx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | |

beneficiary. *Id.* at ¶ 38; *see also* Ex. 28 to Request for Judicial Notice, Dkt. 12-1 at 161. The same day, Rushmore and Zieve recorded a Notice of Default against Plaintiff on behalf of Elizon. *Id.* at ¶ 39; *see also* Ex. 29 to Request for Judicial Notice, Dkt. 12-1 at 163. Zieve had acted as counsel for DB Structured in the prior judicial foreclosure complaint. *Id.* It was now acting as a trustee for Elizon. *Id.*

The following summarizes the various assignments discussed above:

| Date | Document | Lender/Beneficiary | Trustee |
|---|---|---|---|
| 10/10/06 | Deed of Trust | First Street Financial | Security Union Title |
| 5/15/07 | Notice of Default | ACE 2007-ASAP1 Trust | Alliance Title Company |
| 9/27/07 | Substitution of Trustee | ACE 2007-ASAP1 Trust | Alliance Title Company |
| 9/27/07 | Notice of Trustee's Sale | ACE 2007-ASAP1 Trust | Alliance Title Company |
| 7/15/08 | Notice of Rescission | First Street Financial | Financial Title Company |
| 9/3/08 | Notice of Default | ACE 2007HE4 Trust | Cal-Western Reconveyance Corp. |
| 10/7/08 | Substitution of Trustee | ACE 2007HE4 Trust | Cal-Western Reconveyance Corp. |
| 2/26/09 | Notice of Trustee's Sale | *None listed* | Cal-Western Reconveyance Corp. |
| 3/18/11 | Notice of Trustee's Sale | *None listed* | Cal-Western Reconveyance Corp. |
| 6/6/11 | Notice of Trustee's Sale | *None listed* | Cal-Western Reconveyance Corp. |
| 1/31/12 | Notice of Trustee's Sale | *None listed* | Cal-Western Reconveyance Corp. |
| 7/23/13 | Substitution of Trustee | ACE 2007HE4 Trust | Cal-Western Reconveyance Corp. |
| 8/26/13 | Notice of Rescission | *None listed* | Cal-Western Reconveyance Corp. |
| 4/20/15 | Assignment of Deed of Trust | First Street Financial to DB Structured Products | *None listed* |
| 12/10/15 | Assignment of Deed of Trust | DB Structured Products to SP Mortgage Trust | *None listed* |
| 12/10/15 | Assignment of Deed of Trust | SP Mortgage Trust to Elizon Master | *None listed* |
| 2/8/16 | Substitution of Trustee | Elizon Master | Law Offices of Les Zieve |
| 2/8/16 | Notice of Default | Elizon Master | Law Offices of Les Zieve |

III.    **Analysis**

A.    **Legal Standard**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01569 JAK (AGRx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | |

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The complaint must state facts sufficient to show that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not include detailed factual allegations, but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted).

A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.* 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

"If the court dismisses the complaint, it 'should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Nardolillo v. JPMorgan Chase Bank*, N.A., No. 16-CV-05365-WHO, 2017 WL 1493273, at *3 (N.D. Cal. Apr. 26, 2017) (citing *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000)).

**B.    Application**

1.    Estoppel

As noted above, Plaintiff filed for bankruptcy at least twice, on July 22, 2009 and October 20, 2010. In the supplemental briefing, Plaintiff argues that his failure to disclose the claims at issue in this action in either of these bankruptcies does not merit estoppel because the claims were unknown until April 24, 2015. Dkt. 27 at 8.[4] That was the date Defendants filed an action against him for judicial foreclosure. *Id.* Plaintiff

---

[4] In connection with this briefing, Plaintiff has requested judicial notice of the following:

- **Ex. 1**: *DB Structured Products Inc. vs. John St Dennis et. al.*, Los Angeles County Superior Court case number NC060035, Complaint filed on 04/24/2015;
- **Ex. 2**: *DB Structured Products Inc. vs. John St Dennis et. al.* Los Angeles County Superior Court complaint case number NC060035, Demurrer of Defendants, filed on 06/25/2015;
- *ACE Secs. Corp. Home Equity Loan Tr. v. DB Structured Prods.*, 5 F. Supp. 3d 543 (S.D.N.Y. 2014);
- The fact that Defendant DB Structured Products Inc. dismissed the action filed at *DB Structured Products Inc. vs. John St Dennis et. al.*, Los Angeles County Superior Court, case number NC060035 against Plaintiff without prejudice on September 2, 2015.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01569 JAK (AGRx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | |

argues that before that date, he was unaware of the identities of several of the defendants, including DB Structured and Elizon. *Id.* at 9-10. Accordingly, the causes of action at issue here did not accrue until after the action for judicial foreclosure was filed.

Defendants argue that not only had the causes of action at issue here not accrued as of the date of Plaintiff's bankruptcies, they have in fact never accrued at all. Dkt. 28 at 10. This argument repeats the arguments made in the Motion.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir. 2001). "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Id.* at 783.

As discussed in greater detail below, the key allegation in the FAC is that the assignment from First Street to DB Structured recorded in 2015 was fraudulent because First Street had been defunct for eight years, and the assignment bypassed the ACE 2007HE4 Trust. Because this assignment was recorded approximately five years after the latter bankruptcy filing, the Plaintiff could not have disclosed claims associated with that allegedly void assignment in the bankruptcy proceedings.

Further, judicial estoppel is restricted "to cases where the court relied on, or 'accepted,' the party's previous inconsistent position." *Hamilton*, 270 F.3d at 783. Here, both of Plaintiff's bankruptcies were closed without discharge. Thus, there is no indication that the court relied upon Plaintiff's disclosure of assets.

Accordingly, the claims at issue in this action are not judicially estopped by Plaintiff's failure to disclose them in his prior bankruptcies.

2.      Standing

Moving Defendants argue that Plaintiff does not have standing to pursue this action, because he was not a party to any of the allegedly fraudulent assignments. Dkt. 12 at 15-16. "A deed of trust to real property acting as security for a loan typically has three parties: the trustor (borrower), the beneficiary (lender), and the trustee." *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 926 (2016). The trustee is the agent for the borrower-trustor and the lender-beneficiary. *Id.* at 927. Thus,

> [w]hile it is the trustee who formally initiates the nonjudicial foreclosure, by recording first a notice of default and then a notice of sale, the trustee may take these steps only at the direction of the person or entity that currently holds the note and the beneficial interest under the deed of trust -- the original beneficiary or its assignee -- or that entity's agent.

---

Exhibits 1 and 2 are subject to judicial notice because they reflect the records of other federal courts. *Morris*, 2014 WL 12573523, at *3. The fact that the action filed at case number NC060035 has been dismissed is subject to judicial notice insofar as it reflects the docket in that case. Judicial notice of *ACE Secs. Corp. Home Equity Loan Tr. v. DB Structured Prods* is unnecessary because the consideration of court opinions does not require such notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01569 JAK (AGRx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | |

*Id.*

"[A] borrower can generally raise no objection to assignment of the note and deed of trust." *Id.* This is because "[a] promissory note is a negotiable instrument the lender may sell without notice to the borrower." *Id.* The deed of trust follows with the note even without a separate assignment. *Id.* If a borrower defaults on a loan, "only the current beneficiary may direct the trustee to undertake the nonjudicial foreclosure process." *Id.*

However, "[a] beneficiary or trustee under a deed of trust who conducts an illegal, fraudulent or willfully oppressive sale of property may be liable to the borrower for wrongful foreclosure." *Id.* at 929. This is because, "[i]f a purported assignment necessary to the chain by which the foreclosing entity claims that power is absolutely void, meaning of no legal force or effect whatsoever, the foreclosing entity has acted without legal authority by pursuing a trustee's sale, and such an unauthorized sale constitutes a wrongful foreclosure." *Id.* "Unlike a voidable transaction, a void one cannot be ratified or validated by the parties to it even if they so desire." *Id.* at 936.

Plaintiff argues that *Yvanova* should apply here, because he has alleged a pattern of void assignments. Moving Defendants argue that post-*Yvanova* cases consistently have concluded that a borrower has no standing to challenge a foreclosing party's right to foreclose *before* a foreclosure has taken place. Dkt. 24 at 18.

The holding in *Yvanova* is expressly limited to borrowers who had experienced a non-judicial foreclosure. *Yvanova*, 62 Cal. 4th at 924 ("We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed."). In *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808 (2016), a California Court of Appeal concluded that, where a plaintiff brings a "preforeclosure suit challenging Defendant's ability to foreclose, *Yvanova* does not alter her standing obligations." *Id.* at 815. The general rule is that "California courts do not allow . . . preemptive suits because they 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature.'" *Id.*; *see also id.* ("*Yvanova* 's ruling is expressly limited to the post-foreclosure context."); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 511 (2013), *disapproved of on other grounds by Yvanova*, 62 Cal. 4th 919 ("California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure.").

Plaintiff argues that the limitations on preemptive challenges to foreclosure do not apply here, because he has alleged facts that would demonstrate the impropriety of the assignments. Dkt. 21 at 18. In support of this argument, he cites *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011), in which a California Court of Appeal addressed a loan administered through the Mortgage Electronic Registration System, Inc. ("MERS"). MERS is a "national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans." *Id.* at 1151. "A side effect of the MERS system is that a transfer of an interest in a mortgage loan between two MERS members is unknown to those outside the MERS system." *Id.* Thus, a borrower cannot know the identity of the current owner of his promissory note.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01569 JAK (AGRx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | |

The plaintiff in *Gomes* sought to challenge an impending foreclosure on the basis that the defendant was not authorized to foreclose. *Id.* However, because of the opaque nature of MERS, that allegation was inherently speculative. *Gomes* held that a plaintiff could not pursue a cause of action to determine if a defendant was entitled to enforce a promissory note through nonjudicial foreclosure in the absence of a "*specific factual basis* for alleging that the foreclosure was not initiated by the correct party." *Id.* at 1156 (emphasis in original). *Gomes* distinguished *Ohlendorf v. Am. Home Mortg. Servicing*, 279 F.R.D. 575 (E.D. Cal. 2010), because in that case, "the plaintiff alleged wrongful foreclosure on the ground that assignments of the deed of trust had been improperly backdated, and thus the wrong party had initiated the foreclosure process." *Id.* at 1155.

California courts since *Gomes* have applied broadly the restrictions on preemptive challenges to foreclosure. In *Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42 (2011), a Court of Appeal held that the statutory scheme governing non-judicial foreclosures "does not provide for a preemptive suit challenging standing." *Id.* at 46. In *Jenkins*, 216 Cal. App. 4th 497, the plaintiff alleged that the defendants did not have a secured interest in her house "because the terms of the investment trust's pooling and servicing agreement were not complied with when her loan was pooled with other home loans and securitized." *Id.* at 510. *Jenkins* concluded that there were "no express or implied grounds for allowing . . . a preemptive action" that would "create 'the additional requirement' that the foreclosing entity must 'demonstrate *in court* that it is authorized to initiate a foreclosure' before the foreclosure can proceed." *Id.* at 510-12. *Jenkins* reasoned that the statutes governing non-judicial foreclosure cannot be read to "imply the authority for such a preemptive action exists, because doing so would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature." *Id.* at 513.

Although *Jenkins* could be interpreted to suggest a general bar on preemptive challenges to foreclosure, that is not how it has been applied. District courts in the Ninth Circuit have limited the holding of *Gomes* "only to pre-foreclosure plaintiffs who lack any 'specific factual basis' for bringing their claims." *Lundy v. Selene Fin., LP*, No. 15-CV-05676-JST, 2016 WL 1059423, at \*13 (N.D. Cal. Mar. 17, 2016); *see also Sacchi v. Mortg. Elec. Registration Sys., Inc.*, No. CV 11-1658 AHM CWX, 2011 WL 2533029, at \*8 (C.D. Cal. June 24, 2011) ("[T]he *Gomes* court actually suggested that a cause of action for wrongful foreclosure might survive if "the plaintiff's complaint identified a *specific factual basis* for alleging that the foreclosure was not initiated by the correct party. Here, Plaintiffs have alleged just such a specific factual basis -- namely, that RCS was not yet the beneficiary under the DOT when it executed the Substitution of Trustee in favor of Fidelity.") (emphasis in original); *Astronomo v. Fed. Home Loan Mortg. Corp.*, No. EDCV1500266JGBKKX, 2015 WL 12746708, at \*5 (C.D. Cal. Apr. 28, 2015) ("[A]ny allegation that a transfer of a note or deed of trust was ineffective, must include the specific factual basis for believing that the transfer was invalid.").[5]

Plaintiff has alleged that the assignment from First Street to DB Structured, which was recorded in 2015, was fraudulent. The basis for this position is that at that time First Street had been defunct for eight years, and the assignment bypassed the ACE 2007HE4 Trust. Thus, the FAC alleges that the subsequent

---

[5] *Yvanova* did not address whether or when a plaintiff may have standing to pursue a pre-foreclosure challenge to an assignment. Indeed, as noted above, it was expressly limited to considering the post-foreclosure context. *Yvanova*, 62 Cal. 4th at 924. Accordingly, and contrary to the arguments by Defendants' counsel at the hearing, it does not restrict *Gomes* or any of the subsequent authority that discussed and applied *Gomes*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01569 JAK (AGRx) | | Date | August 8, 2017 |
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | | |

assignment by DB Structured was not valid, and as a result, Elizon does not have the authority to foreclose.

Although Plaintiff's action is not barred by the rule established in *Gomes* against pre-foreclosure challenges, under *Yvanova*, he must also plead facts that, if true, would establish that the assignments at issue were void. Plaintiff argues in his Opposition that DB Structured could not have obtained an assignment from First Street Financial because it was defunct at the time that its assignment to DB Structured was made and recorded.

Moving Defendants argue that any defects in the assignment of the Deed of Trust would render the transfer voidable, not void. In support of that position, Moving Defendants cite *Mendoza v. JPMorgan Chase Bank, N.A.*, 6 Cal. App. 5th 802 (Ct. App. 2016). *Mendoza* concerned an allegation that the assignment of a deed of trust and substitution of a trustee was fraudulent because it was executed through a robo-signing. *Id.* at 806. The plaintiff there also alleged that the defendants had attempted to securitize her loan in violation of the pooling and services agreements of the trusts to which the loans were sold. *Id.* at 807. *Mendoza* held that both of these allegations could support only a claim that the assignment was voidable, not void. *Id.* at 812-13.

Here, whether the assignment to DB Structured was void turns on whether a defunct corporation can validly receive an assignment for, and then re-assign, a deed of trust. In a verified complaint for judicial foreclosure filed on April 24, 2015, DB Structured alleged that First Street Financial transferred its interests in the Deed of Trust and promissory note to DB Structured at some point after acquiring them. Ex. Q to FAC, Dkt. 1 at 232. However, no assignment was recorded. *Id.* DB Structured alleged in the verified complaint that it was unable to locate or obtain an assignment transferring to it the interest of First Street Financial in the Deed of Trust. *Id.* at 233. It also alleged that it was unable to obtain such an assignment because First Street Financial had ceased all operations. *Id.* However, four days earlier, an assignment had been recorded from First Street Financial to DB Structured, dated March 11, 2015. This recorded assignment appears inconsistent with the representations made in the April 24, 2015 verified complaint. Further, it appears inconsistent with filings made between September 3, 2008 and July 23, 2013 listing the ACE 2007HE4 Trust as the beneficiary. *See* Ex. 6 to Request for Judicial Notice, Dkt. 12-1 at 53; *id.* Ex. 12 at 81.

Defendants argue that there is no requirement under California law that transfers of a promissory note be recorded. Dkt. 12 at 18. They also argue that an assignment of a deed of trust need not be recorded to be effective. *Id.* However, even if these positions are correct, it is still not clear that the assignment recorded on March 11, 2015 was valid. The alleged deficiency is with the underlying assignment, not with its recording.

In their supplemental briefing, Defendants cite *Penasquitos, Inc. v. Superior Court*, 53 Cal. 3d 1180, which states that "[a] dissolved corporation continues to exist indefinitely for purposes of collecting and distributing its assets." *Id.* at 1192 n.7. "Any assets inadvertently or otherwise omitted from the winding up continue in the dissolved corporation for the benefit of the persons entitled thereto upon dissolution of the corporation and on realization shall be distributed according." *Id.* (citing Cal. Corp. Code § 2010(a)). This authority would be persuasive if the record reflected that the deed of trust was an asset of First Street Financial at the time of the assignment to DB Structured in 2015. However, the record presently available suggests that, as of 2013, the beneficiary of the deed of trust was the ACE 2007HE4 Trust. Ex. 12 to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01569 JAK (AGRx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | |

Request for Judicial Notice, Dkt. 12-1 at 81. That trust could not have reassigned the deed of trust to First Street Financial after 2013, because by that time First Street Financial was a defunct corporation. Thus, it is not clear how First Street Financial had the authority to assign the deed of trust to DB Structured in 2015. As a result, Plaintiff has adequately pleaded facts that would support the claim that the assignment at issue was void, and not merely voidable.

Moving Defendants also argue that recorded documents conclusively establish that Zieve had authority to foreclose as trustee. Dkt. 12 at 17. However, Zieve was substituted as trustee by Elizon. It would not have had the authority to make such a substitution if, as Plaintiff has alleged, the assignment from First Street Financial to DB Structured was invalid. Further, Moving Defendants repeat that transfers of the note need not be recorded. However, this argument ignores that the alleged flaws in the recorded assignment from First Street Financial to DB Structured are independent of the recording. Thus, even if several fully valid transfers had taken place that were not recorded, the Complaint plausibly alleges that the recorded transfer of the Deed of Trust to DB Structured was void. That is the basis for Plaintiff's claims.

3.     Individual Claims

Moving Defendants argue that Plaintiff's individual claims for relief fail on the merits even if he has standing to pursue them. Each of these claims is addressed in the following discussion.

a)     Quiet Title

Plaintiff's first cause of action to quiet title seeks a judicial declaration that Defendants are required to foreclose judicially or prove that they are in possession of the promissory note securing the Deed of Trust. FAC at ¶ 49. Moving Defendants argue that Plaintiff cannot prevail on this claim because he has not tendered the amount of his indebtedness. Dkt. 12 at 22.

"A quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff['s] title; (3) the adverse claims to plaintiff['s] title; (4) the date as of which the determination is sought; and (5) a prayer for determination of plaintiff['s] title against the adverse claims." *Oens v. HSBC Bank*, No. CV1206005MMMAGRX, 2012 WL 12887753, at *7 (C.D. Cal. Oct. 16, 2012). Generally, "a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Leonard v. Bank of Am. Nat. Trust & Sav. Ass'n*, 16 Cal. App. 2d 341, 342-43 (1936). However, "[t]ender is not required where the foreclosure sale is void, rather than voidable, such as when a plaintiff proves that the entity lacked the authority to foreclose on the property." *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079, 1100 (2013).

For the reasons stated above, Plaintiff has alleged facts sufficient to state a claim that the transfer of the promissory note to DB Structured was void, rather than voidable. "Moreover, 'a growing number of federal courts have explicitly held that the tender rule only applies in cases seeking to set aside a completed sale, rather than an action seeking to prevent a sale in the first place.'" *Nardolillo*, 2017 WL 1493273, at *6. Thus, the tender rule does not apply here. Because Plaintiff has met the other requirements for a quiet title action, the FAC states a plausible claim for relief as to this cause of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01569 JAK (AGRx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | |

b)      Fraud

The FAC alleges fraud based on two events: (i) a letter sent to Plaintiff on January 10, 2014 stating that his mortgage had been assigned to DB Structured; and (ii) the recording of the assignment of the Deed of Trust from First Street Financial to DB Structured on April 20, 2015. FAC at ¶¶ 53-54.

Common law fraud under California law has the following elements: (i) a false representation; (ii) that is knowingly made; (iii) with the intent to deceive; (iv) on which there can be reasonable reliance; and (v) resulting injury. *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 72-73 (1990). Fed. R. Civ. P. 9(b) provides "that the circumstances of the fraud must be stated with particularity" to survive a motion to dismiss. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985)) (emphasis omitted). Claims of fraud must be pleaded with specificity pursuant to Fed. R. Civ. P. 9(b).

Moving Defendants argue that Plaintiff's claim for fraud fails because: (i) no false statement was alleged; (ii) any alleged statement did not induce reliance; (iii) there was no actual or justifiable reliance; and (iv) Plaintiff did not suffer damages. Dkt. 12 at 24-25.

With regard to the first alleged fraud, the FAC avers a false representation, but it is not plausible. Thus, it alleges that a letter was sent to Plaintiff on Deutsche Bank stationery assigning ownership of his mortgage to DB Structured. FAC at ¶ 53. However, the letter, which was attached to the FAC, is actually addressed to Melissa Shannon. Ex. N to FAC, Dkt. 1 at 211. Melissa Shannon is not identified in the FAC, and it is not clear what, if any, relationship she has to this action.

The second alleged fraud involves the claimed void recording on April 20, 2015 of the assignment from First Street Financial to DB Structured. Here, a false representation has been alleged, *i.e.*, that First Street Financial still had an interest in Plaintiff's Deed of Trust. This allegation is also supported by the verified complaint, filed on April 24, 2015, stating that DB Structured was unable to secure an assignment from First Street Financial because it was defunct. Based on these same facts, the FAC has also alleged that the claimed false statement was knowingly made with the intent to deceive.

Even assuming that the preceding elements have been met, the FAC does not plead facts showing that there could have been reasonable reliance on the false representation. As Moving Defendants note, the assignment did not alter Plaintiff's obligation to pay off his debts. Further, there is no indication that he made any attempt to pay them to any party after the notice of assignment was recorded. Thus, in the absence of a plausible allegation of reliance, the FAC does not plead facts sufficient to state a claim for relief for fraud.

c)      Slander of Title

The third cause of action is for slander of title against DB Structured and Elizon. FAC at ¶ 57. The elements of a slander of title claim under California law are "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009).

Under Cal. Civ. Code § 2924, "the statutorily required mailing, publication, and delivery of notices in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01569 JAK (AGRx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | |

nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures," are privileged communications under the qualified common-interest privilege set forth in Cal. Civ. Code § 47. *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 325 (2008). Thus, such communications cannot be the basis for a slander of title action in the absence of plausible allegations of malice. *Id.*; *see also Dubose v. Suntrust Mortg., Inc.*, No. 5:11-CV-03264 EJD, 2012 WL 1376983, at *3 (N.D. Cal. Apr. 19, 2012) ("[A]ny notice or communication that [is] issued in the course of performing duties related to [a] non-judicial foreclosure sale" is a privileged communication pursuant to California Civil Code § 47, and is therefore "not actionable.").

Moving Defendants argue that this claim fails because the Deed of Trust and nonjudicial foreclosure documents upon which the claim is based are all privileged pursuant to Cal. Civ. Code §§ 2924 and 47. Dkt. 12 at 25-26. Plaintiff does not respond to this argument. However, it is unconvincing. Cal. Civ. Code § 2924 imposes certain requirements on the "trustee, mortgagee, or beneficiary, or any of their authorized agents" to file and record certain notices as part of the nonjudicial foreclosure process. *See* Cal. Civ. Code § 2924(a)(1). However, as discussed in more detail above, Plaintiff has pleaded a plausible claim that Elizon and DB Structured did not have a cognizable interest in the mortgage loan at issue here. Assuming that these allegations are true, § 2924 would not apply to them. *See Nardolillo*, 2017 WL 1493273, at *3.

Moving Defendants also argue that, because the Deed of Title is a valid encumbrance, the subsequent documents effecting assignment or foreclosure as to the deed of trust do not slander Plaintiff's title. Dkt. 12 at 26. This argument fails for the same reason discussed earlier. Thus, if Elizon and DB Structured did not have the right to foreclose, it does not matter that someone else could do so. Therefore, the FAC has adequately pleaded facts that would establish that, at least, the Notice of Default filed on February 8, 2016 is an unprivileged, false publication. Further, the FAC alleges actual pecuniary loss, which can include "attorney fees and litigation costs . . . when, as expressed in subdivision (1)(b) of section 633 of the Restatement, litigation is necessary 'to remove the doubt cast' upon the vendibility or value of plaintiff's property." *Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC*, 205 Cal. App. 4th 999, 1030 (2012).

#### d)      Violation of the FDCPA

The FAC alleges several violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq.* FAC at ¶¶ 62-69. DB Structured, Ocwen, Perl, Elizon and Rushmore are all named as defendants. However, Plaintiff focuses only on Ocwen and Rushmore in his Opposition. He argues that when Ocwen transferred ownership of Plaintiff's loan to DB Structured, without the authority to do so, it violated the FDCPA. He also argues that Ocwen violated the statute when it transferred servicing rights to Rushmore without the authority to do so. He makes the same claim as to when Rushmore recorded a notice of default. Dkt. 21 at 23. Moving Defendants argue that, because nonjudicial foreclosure and loan servicing are not the same as debt collection, the FDCPA does not apply to this action. Dkt. 12 at 10.

The Ninth Circuit addressed this issue in *Ho v. ReconTrust Co.*, NA, 858 F.3d 568 (9th Cir. 2016). *Ho* observed that "[t]he FDCPA subjects 'debt collectors' to civil damages for engaging in certain abusive practices while attempting to collect debts. *Id.* at 571 (citing 15 U.S.C. §§ 1692d-f, 1692k). "The statute's general definition of 'debt collector' captures any entity that 'regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due [to] another.'" *Id.* (citing 15 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-01569 JAK (AGRx) | Date | August 8, 2017 |
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | |

§ 1692a(6)). *Ho* concluded that the trustee of a Deed of Trust does not qualify as a debt collector under the FDCPA because it does not attempt to collect money. *Id.* Rather, "[t]he object of a nonjudicial foreclosure is to retake and resell the security." *Id.* Under this rule, Plaintiff has not stated a claim against DB Structured, Perl or Elizon.

The result is less clear as to Ocwen and Rushmore, who are loan servicers. Loan servicers receive mortgage payments and perform certain other services connected with mortgages. Courts within the Ninth Circuit have held that "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, *as long as the debt was not in default at the time it was assigned.*" *Brashears v. Bank of Am. Home Loans*, No. CV 12-6760 FMO JCGX, 2013 WL 5741832, at *4 (C.D. Cal. Oct. 22, 2013) (emphasis added); *see also Lara v. Aurora Loan Servs. LLC*, No. 12CV904-GPC BLM, 2013 WL 1628955, at *7 (S.D. Cal. Apr. 16, 2013) (Congress did not intend the FDCPA to apply to "mortgage service companies and others who service outstanding debts for others, *so long as the debts were not in default when taken for servicing.*") (emphasis added). Although these cases do not address the issue directly, they imply that the FDCPA does apply to servicers if the debts *were* in default when taken for servicing.

District courts that have considered this issue directly have reached different conclusions. *Morgan v. U.S. Bank Nat. Ass'n.*, No. C 12-03827 CRB, 2012 WL 6096590 (N.D. Cal. Dec. 7, 2012) concluded that loan servicers are not debt collectors under the FDCPA because "collecting debt not for another, *whether or not the debt assigned is in default*, makes one a creditor, not a debt collector." *Id.* at *6 (emphasis in original). "This is in keeping with the legislative history of the FDCPA, which highlights Congress's intent to police the coercive, unrestrained activities of third party debt collectors as distinct from debt servicers." *Id.* However, other courts have distinguished "FDCPA claim[s] premised on demands of payment and threats as opposed to foreclosure on the property." *Makreas v. First Nat. Bank of N. California*, 856 F. Supp. 2d 1097, 1101 (N.D. Cal. 2012) (citing *Johnson v. HSBC Bank USA, Nat. Ass'n*, 2012 WL 928433, *6 (S.D. Cal. March 12, 2012)).

Here, Plaintiff's debt was in default shortly after the initial borrowing. The FAC does not make clear when servicing duties were assigned to Ocwen or Rushmore, but they were not the original servicers of the loan. Thus, according to the allegations of the FAC, Ocwen and Rushmore became servicers after the loan was in default. The FAC also alleges that Ocwen and Rushmore violated the FDCPA by collecting debts for which they were not the proper servicer, and that Ocwen falsely represented that the debt had been assigned to DB Structured. FAC at ¶¶ 63, 65, 68. None of these allegations relates to the foreclosure itself. Rather, they involve allegedly false representations as to "the character, amount, or legal status" of Plaintiff's debt. 15 U.S.C. § 1692e. Thus, dismissal is not warranted at this stage of the proceedings.

At the hearing, Plaintiff's counsel argued that the FDCPA applies here because none of the parties involved in the servicing and foreclosure of Plaintiff's mortgage possessed a valid claim to it. However, even assuming that this were true, that would not make these parties debt collectors. Rather, it would make them third parties with no claim to the loan.

e)     Violation of Cal. Bus. & Prof. Code § 17200

The fifth cause of action in the FAC is for violation of Cal. Bus. & Prof. Code § 17200. FAC at ¶ 70. This

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01569 JAK (AGRx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | John St. Dennis v. Rushmore Loan Management Services, LLC, et al. | | |

cause of action is predicated on the other violations alleged elsewhere in the Complaint. *Id.* at ¶¶ 72-73. Section 17200 proscribes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business practice, 'section 17200 'borrows' violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

For the reasons stated above, Plaintiff's FDCPA survives as to Ocwen and Rushmore. Thus, the § 17200 claim survives as well as to those defendants. However, "a common law violation such as breach of contract is insufficient" to state a claim under the unlawful prong of § 17200. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010). The claims against the remaining defendants all arise under the common law. Accordingly, there is no basis for a § 17200 claim against them.

The FAC is unclear whether it seeks relief against the remaining defendants under the unfair or fraudulent prongs of § 17200. However, no such relief is available. "[U]nfair" means "conduct that threatens an incipient violation of an antitrust law." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169-70 (9th Cir. 2012) (quoting *Cel-Tech Commc'ns,* 20 Cal. 4th at 187). No antitrust claims are advanced in this action. Finally, the "fraudulent" prong requires a showing that "members of the public are likely to be deceived" by a particular act or practice. *Makreas v. First Nat. Bank of N. California*, 856 F. Supp. 2d 1097, 1102 (N.D. Cal. 2012). Plaintiffs have not alleged that any specific act or practice in the FAC by DB Structured, Perl or Elizon would be likely to deceive members of the public.

## IV.    Conclusion

For the reasons stated in this Order, the Motion is **GRANTED IN PART** and **DENIED IN PART**. The second cause of action, for fraud, is dismissed without prejudice. The fourth cause of action, for violation of the FDCPA, and fifth cause of action, for violation of § 17200, are dismissed with prejudice as to DB Structured, Perl and Elizon. The Motion is denied as to all other claims. Any amended complaint shall be filed on or before August 21, 2017. On or before August 28, 2017, Counsel shall file a joint report as to the agreed upon settlement method and the anticipated date of its completion.

**IT IS SO ORDERED.**

                                                                                        :

                                                    Initials of Preparer    ak