Susan M. Murphy (SBN 185335)
ADVOCATE LEGAL
3055 Wilshire Boulevard Suite 1200
Los Angeles, CA 90010

Telephone: (213) 387-1828
Facsimile: (800) 878-7336
susan@advocatelegal.org

ATTORNEY FOR PLAINTIFF
JOHN ST. DENNIS

# UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JOHN ST. DENNIS, an individual,<br><br>　　　　Plaintiff,<br>　v.<br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC, a limited liability company; DB STRUCTURED PRODUCTS INC., a corporation; OCWEN LOAN SERVICING, LLC; ELIZON MASTER PARTICIPATION TRUST I, an unincorporated Business Trust, U.S. BANK NATIONAL ASSOCIATION, as Owner Trustee; LAW OFFICES OF LES ZIEVE, a Trustee; DANIEL L. PERL, an individual; and DOES 1 through 50, inclusive.<br><br>　　　　Defendants | Case No: 2:17-cv-1569-JAK (AGRx)<br><br>**PLAINTIFF JOHN ST. DENNIS's OPPOSITION TO DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES.**<br><br><u>Hearing</u><br>Date:　November 20, 2017<br>Dept:　10B<br>Hon:　John A. Kronstadt<br><br>*Documents submitted herewith*:<br>1-2) Plaintiff's Evidentiary Objections to the Declarations of Daniel Perl and Blake Sutton in Support of Defendant's Motion;<br>3) Plaintiff's Statement of Genuine Disputes of Material Facts;<br>4) Declaration of Plaintiff;<br>5) Declaration of Attorney Susan M. Murphy<br>6) [Proposed] Orders |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ………………………………………………………. iii

INTRODUCTION   …………….…………..…………………… 1

STATEMENT OF FACTS ……………………….…………………… 1

STANDARD OF REVIEW ……………………………………….…….. 3

LEGAL ARGUMENT  ……………………………………………………. 4

    A.   THE ASSIGNMENT BY PERL TO DEFENDANT DB IS VOID …… 4

    B.   THE ASSIGNMENT WAS INTO THE 2007-HE4 TRUST………….. . 6

    C.   A *FACTUAL* CHALLENGE TO STANDING MAY STAND ………... 7

      i.  *GOMES* IS NOT A BAN TO A CHALLENGE TO STANDING

         BASED ON MISCONDUCT ……………………………………….. 7

      ii.  PLAINTIFF'S CHALLENGE IS INAPPOSITE TO A

         CHALLENGE TO A VOIDABLE ASSIGNMENT BY MERS ……….. 8

      iii.  <u>A CHALLENGE TO STANDING BASED ON</u>

         <u>MISCONDUCT IS NOT A PREEMPTIVE CHALLENGE</u>

CONCLUSION  ……………………………….…………….…………….. 10

NOTICE OF ELECTRONIC FILING

# TABLE OF AUTHORITIES
FEDERAL CASES

*ACE Secs. Corp. Home Equity Loan Tr. v. DB Structured Prods.,*
5 F. Supp. 3d 543 (S.D.N.Y. 2014).) ……………………………..…...…  2, 6, 10

*Chitkin v. Lincoln Nat'l Ins. Co.*, 879 F. Supp. 841, 848 (S.D. Cal. 1995)………. 3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ……………………… ………  3

*United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) …...  4

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250,
91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)  ……………….......................……  4

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250,
91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) …………………………………..……  4

*Sciarratta v. U.S. Bank Nat'l Ass'n*, 247 Cal. App. 4th 552
(Cal. App. 4th Dist. 2016)…………………………………………………….…  4

*Carpenter v. Longan*, 83 U.S. (16 Wall.) 271, 274 [1872]) ………………..…... 5

*Nardolillo v. JPMorgan Chase Bank, N.A.,* No. 16-cv-05365-WHO,
2017 U.S. Dist. LEXIS 63526, at *7-8 (N.D. Cal. Apr. 26, 2017) …………… 9, 10

*Lundy v. Selene Fin., LP*, No. 15-cv-05676-JST, 2016 U.S. Dist.
LEXIS 35547, at *36 (N.D. Cal. Mar. 17, 2016)…………………………………  10

STATE CASES

*Seidell v. Tuxedo Land Co*., 216 Cal. 165, 170, 13 P.2d 686 (1932) ………..…… 5

*Kelley v. Upshaw,* 39 Cal. 2d 179, 192, 246 P.2d 23 (1952)……………..……… 5

*Polhemus v. Trainer*, 30 Cal. 685, 1866 WL 831 (1866) ….…………………….. 5

*Shuster v. BAC Home Loans Servicing, LP*, 211 Cal. App. 4th 505, 506,
149 Cal. Rptr. 3d 749, 750 (2012)………………………………………............... 6

*Gentner & Co. v. Wells Fargo Bank*, 76 Cal. App. 4th 1165, 1166,

90 Cal. Rptr. 2d 904, 905 (1999) …………………………………………………7

*Calvo v. HSBC Bank USA, N.A.,* 199 Cal. App. 4th 118, 119,

130 Cal. Rptr. 3d 815, 817 (2011) …………………………………………..… 7

*Yvanova v. New Century Mortg. Corp.* 62 Cal. 4th 919, 937-38,

199 Cal. Rept. 3d 66, 81, 365 P.3d 845, 857-58 (2016) ………………………7-8, 9

*Gomes v. Countrywide Home Loans, Inc.* 192 Cal. App. 4th

1149, 1154-1156 & n. 5, 121 Cal. Rept. 3d 819, 825 (2011) ……………….…. 8

*Jenkins v. JP Morgan Chase Bank, N.A.,* 216 Cal. App.4th 497, 510,

156 Cal. Rept. 3d 912, 923 (2013) ……………………………………………. 8-9, 10

*Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 814,

199 Cal. Rptr. 3d 790, 795 (2016)……………………………………….… . 8, 9

*Mendoza v. JPMorgan Chase Bank, N.A.,* 6 Cal. App. 5th 802, 811,

212 Cal. Rptr. 3d 1, 8 (2016) ……………………………………………….....  9

*Siliga v. Mortg. Elec. Registration Sys., Inc.,* 219 Cal. App. 4th 75, 82,

161 Cal. Rptr. 3d 500, 505 [2013] ……………………………………………. 10

FEDERAL STATUTES

Federal Rules of Civil Procedure 56(c)  ………………………..……...............  3

## I.  INTRODUCTION AND SUMMARY OF OPPOSITION

In their supplemental Motion for Summary Judgment (MSJ) Defendants present no evidence that they purchased Plaintiff's loan from his current "note holder" the 2007 HE4 Trust.[1] Defendants swear to the *existence* of recorded ASSIGNMENTS, but not to the *truth* of them, or that they paid value for the underlying debt. This is because "collateral is pending" to Defendant DB Structured Products (DB) and Defendant Elizon Master Participation Trust I U.S. Bank National Association (ELIZON) until a foreclosure sale occurs. (Dkt. 56 [SUF ¶31].)

## II.  STATEMENT OF FACTS

Plaintiff borrowed five-hundred-eighty-eight-thousand dollars ($588,000.00) from First Street Financial Inc. (FIRST STREET) by executing a Deed of Trust and a Promissory NOTE. (Dkt. 53 [SUF ¶s1-4].) Plaintiff's mortgage was securitized to the 2007 HE4 Trust which went active on March 5, 2007. (Dkt. 56 [SUF ¶s 22-25].) Defendant DB was the sponsor to the securitization into the 2007 HE4 Trust. (Dkt. 56 [SUF ¶26].)

---

[1] HSBC BANK USA, N.A. as trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust, Series 2007-HE4, Asset Backed Pass-Through Certificates

Case No: 2:17-cv-1569-JAK (AGRx) PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT of Plaintiff's Second Amended Complaint          Page 1

The originator FIRST STREET became defunct on or before March 2008. (Dkt. 52-2 [Decl. PERL ¶8]; Dkt. 56 [SUF ¶27].) On or about March 2013, Plaintiff's beneficiary, the 2007 HE4 Trust, sued Defendant DB for breach of warranty for failure to repurchase defective (non-performing) loans such as Plaintiff's. (Dkt. 56 [SUF ¶26]; *ACE Sec. Corp. Home Equity Loan Trust, Series 2007-HE3 ex rel. HSBC Bank USA Nat. Ass'n v. DB Structured Prod. Inc.*, 5 F. Supp. 3d 543, 547 [S.D.N.Y. 2014].) On April 24, 2014, Defendant DB sued Plaintiff by verified complaint for judicial foreclosure in state court claiming they were "the current payee of the note," having received delivery of an Allonge but having neglected to get an ASSIGNMENT from FIRST STREET which created a break in the chain of title to them. (Dkt. 56 [SUF ¶27].)

Defendant Law Offices of Les Zieve (ZIEVE) was counsel for the judicial foreclosure compliant and was therefore aware of its claims. (Dkt. 56 [SUF ¶27].) These claims included the claim the claim that Defendant DB could not get an ASSIGNMENT from FIRST STREET because FIRST STREET had "ceased all operations," was "a defunct entity with no employees" and therefore "no one remaining capable of executing an assignment," affirmed by trustee Cal-Western Reconveyance Corp. (CAL WESTERN) which claimed a "lost assignment of the Deed of Trust." (Dkt. 56 [SUF ¶s 25&27].) Despite this an ASSIGNMENT from

FIRST STREET to Defendant DB was recorded four (4) days before the complaint was filed. (Dkt. 56 [SUF ¶s 28].)

Plaintiff demurred and Defendant DB dismissed. (Dkt. 56 [SUF ¶s 29-30].) Shortly thereafter, Defendant DB recorded an ASSIGNMENT of the Deed of Trust from them to SP Mortgage Trust ("collateral is pending") and SP Mortgage Trust ASSIGNED the Deed of Trust from them to Defendant ELIZON, (both ELIZON and SP Mortgage Trust being subsidiaries of DEUTSCHE BANK). (Dkt. 56 [SUF ¶s 31-31].) Defendant ELIZON then SUBSTITUTED Defendant ZIEVE as trustee and recorded a NOTICE of Default. (Dkt. 56[SUF ¶s 33-34].)

### III. STANDARD OF REVIEW

Summary judgment may only be granted if there are no genuine disputes of material fact– that is if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FRCP 56(c); *Chitkin v. Lincoln Nat'l Ins. Co.*, 879 F. Supp. 841, 848 (S.D. Cal. 1995). The burden is on the moving party to establish this absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In considering a motion for summary judgment, the Court must examine all the evidence in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962). Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Summary judgment is granted when the facts are so one-sided that a party must prevail as a matter of law. *Anderson,* supra at 250-252. "Where conflicting inferences may be drawn from the facts, the case must go to the jury." *Pyramid Technologies, Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 818 (9th Cir. 2014.)

IV. **LEGAL ARGUMENT**

A. **THE ASSIGNMENT BY PERL TO DEFENDANT DB IS VOID.**

The three (3) ASSIGNMENTS at issue here are all VOID, not only because FIRST STREET was defunct at the time of the first (1st) ASSIGNMENT, but because FIRST STREET had nothing to ASSIGN. (Dkt. 56 [SUF ¶s 23-25]; *Sciarratta v. U.S. Bank Nat'l Ass'n*, 247 Cal. App. 4th 552, 564 [Cal. App. 4th Dist. 2016] (holding that an assignment from one bank to another was VOID when the loan had already been assigned.) FIRST STREET sold Plaintiff's Promissory NOTE to the ACE 2007-HE4 in 2007 through the sponsor, Defendant DB, without

a recorded ASSIGNMENT, but the ACE 2007-HE4 Trust was still Plaintiff's note holder. (Dkt. 56 [SUF ¶s 22-24].) Defendants' argument that "unrecorded assignments do not affect the noteholders rights" is true, but moot since Defendants are not the "note holder." (Dkt. 50 [MSJ 6:15].)

Defendants' argument that a Promissory Note remaining in the hands of the sponsor to a securitization "automatically carries with it the security" misreads *Seidell* which held that the security follows the *debt* [emphasis added]. *Seidell v. Tuxedo Land Co.*, 216 Cal. 165, 170, 13 P.2d 686 (1932.) Defendants FIRST STREET, DB, and ELIZON are attempting to ASSIGN the power of sale, while the debt remains with the ACE 2007-HE4 Trust, but this attempt to transfer the security (and the inherent power of sale) without transferring the underlying debt is legally ineffective. *Kelley v. Upshaw,* 39 Cal. 2d 179, 192, 246 P.2d 23 (1952). Defendant ELIZON as final ASSIGNEE acquires no greater rights than FIRST STREET had, which is nothing, because the debt represented by these ASSIGNMENT does not follow these ASSIGNMENTS. *Polhemus v. Trainer*, 30 Cal. 685, 1866 WL 831 (1866)*; Carpenter v. Longan*, 83 U.S. (16 Wall.) 271, 274 [1872].)

The PERL declaration, and no facts herein, allege consideration from Defendant DB to FIRST STREET. (Dkt. 52 ¶9.) The evidence submitted is
Case No: 2:17-cv-1569-JAK (AGRx) PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT of Plaintiff's Second Amended Complaint          Page 5

insufficient for this Court to grant summary judgment as a matter of law because a genuine factual issue exists as to the "value" given by Defendant DB to FIRST STREET on their own behalf, apart from buying and then quickly reselling the loan as sponsor to the securitization. (Dkt. 56 [SUF ¶s 9-10 & 26]; *Anderson,* supra at 250.) The recorded ASSIGNMENT from FIRST STREET to Defendant DB on April 20, 2015 is VOID because eight (8) years after Plaintiff's *debt* was securitized to the ACE 2007 HE4 Trust, the security remains with this "noteholder" and the originator FIRST STREET retained no legal title to transfer. (Dkt. 56 [SUF ¶s 22-25].)

### B. <u>THE ASSIGNMENT WAS INTO THE 2007-HE4 TRUST</u>.

Defendants previously argued that the foreclosing party does not need to be "the holder in due course" of the Promissory NOTE (Dkt. 38 15:14-22; *Shuster v. BAC Home Loans Servicing, LP*, 211 Cal. App. 4th 505, 506, 149 Cal. Rptr. 3d 749, 750 [2012]) and now that Defendant ELIZON is the "holder in due course based on physical possession of a Promissory NOTE. (Dkt. 52 4:26-28.) As the "sponsor "to Plaintiff's securitization Defendant DB acquired mortgage loans from originators and sold them to the "depositor," which then immediately deposited the mortgage loans into the trust. *ACE Sec. Corp. Home Equity Loan Tr. v. DB*

*Structured Prods.*, 5 F. Supp. 3d 543, 547 (S.D.N.Y. 2014). A Holder in due course is not a person or entity left physically holding the promissory note.

The attributes of a holder in due course are set forth in Cal. Com. Code § 3302, which requires, among other things, that it take the instrument (A) for value, (B) in good faith. *Gentner & Co. v. Wells Fargo Bank*, 76 Cal. App. 4th 1165, 1166, 90 Cal. Rptr. 2d 904, 905 (1999). Defendants attempt to plead around this by arguing that Plaintiff's deed of trust was not "formally assigned to the ACE 2007 HE4 Trust." (Dkt. 52 [MSJ 10:4-7].) A Promissory NOTE and deed of trust can be legally securitized (sold) between parties, and a deed of trust legally ASSIGNED, without a recorded ASSIGNMENT since a deed of trust is not required to transfer the power of sale or the underlying debt. *Calvo v. HSBC Bank USA, N.A.,* 199 Cal. App. 4th 118, 119, 130 Cal. Rptr. 3d 815, 817 (2011). Meanwhile it remains an issue for the trier of fact what "value" was given by Defendant ELIZON for Plaintiff's Promissory NOTE.

C. **A *FACTUAL* CHALLENGE TO STANDING MAY STAND.**

    **i.** *GOMES* IS NOT A BAN TO A CHALLENGE TO STANDING BASED ON MISCONDUCT

Plaintiff's case does not rely on *Yvanova* and *Gomes* is not a ban of any and all challenges to standing. (*Yvanova v. New Century Mortg. Corp.,* 62 Cal. 4th 919,

938, 199 Cal. Rptr. 3d 66, 81, 365 P.3d 845, 858 (2016); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1156, 121 Cal. Rptr. 3d 819, 825 (2011); See also Dkt. 52 [MSJ 13:20-25] ("*Yvanova* only applies post-foreclosure," and "*Gomes* remains the law of the land.") *Gomes* specifically barred *speculative* [emphasis added] suits that challenged standing to foreclose and differentiated itself from cases where "the plaintiff's complaint identified a *specific factual basis* for alleging that the foreclosure was not identified by the correct party." *Gomes, supra* at 1156. The Ninth Circuit has not interpreted *Jenkins* or *Gomes*.to mean a general bar to preemptive challenges to foreclosure. (Dkt. 28 ¶ III [b][2]; *Jenkins v. JP Morgan Chase Bank, N.A.,* 216 Cal. App. 4th 808 [2016]; *Gomes,* 192 Cal. App. supra at 511.)

### ii. PLAINTIFF'S CHALLENGE IS INAPPOSITE TO A CHALLENGE TO A VOIDABLE ASSIGNMENT BY MERS

Defendants also seeks to conflate the instant case, with multiple other cases like *Saterbak* where the Plaintiff sought to preemptively challenge the right of a securitized trust to foreclose based on a *voidable* ASSIGNMENT by MERS years after the closing date, but the *Saterbak* court *also* differentiated itself from cases where a borrower was "seeking a remedy for misconduct . (Dkt. 52 8: 27- 9:13; *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 814, 199 Cal.

Rptr. 3d 790, 795 [2016].) Defendants "cherry-pick" *Saterbak* to the point of deleting a preceding sentence where the Court differentiated the challenge from one of *misconduct.*[2] (Dkt. 52 [MSJ 9:9-13].)

It is well established that a voidable ASSIGNMENT by MERS into a securitized trust is insufficient grounds for a borrower to challenge standing under California Civil Code §2924, but that is not Plaintiff's case. Plaintiff case alleges an ASSIGNMENT by parties with no identifiable interest; not a *voidable assignment* that can be legitimized after the fact by the actual beneficiary but a VOID ASSIGNMENT that cannot be legitimized after the fact because it is by non-beneficiaries. (Dkt. 30 [SAC ¶s 27-28]; *Mendoza v. JPMorgan Chase Bank, N.A.*, 6 Cal. App. 5th 802, 811, 212 Cal. Rptr. 3d 1, 8 [2016]; *Nardolillo v. JPMorgan Chase Bank, N.A.,* No. 16-cv-05365-WHO, 2017 U.S. Dist. LEXIS 63526, at *7-8 [N.D. Cal. Apr. 26, 2017].) "Unlike a voidable transaction, a void one cannot be ratified or validated by the parties to it even if they so desire." *Saterback,* supra at 815 citing *Yvanova,* supra t 936.

---

[2] The Court did not simply rule that "allowing a borrower to preemptively challenge whether the foreclosing party 'is authorized to foreclose … would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy." (Dkt. 52 [MSJ 9:9-13].) In the previous two (2) sentences, not cited by Defendants, the Court *differentiated,* that: ""[a]s the court reasoned in Gomes: "[The borrower] is not seeking a remedy for misconduct. He is seeking to impose the additional requirement that MERS demonstrate in court that it is authorized to initiate a foreclosure. …"" *Saterbak,* supra at 814-815, citing *Gomes,* supra at 1154, fn. 5.

### iii. A CHALLENGE TO STANDING BASED ON MISCONDUCT IS NOT A PREEMPTIVE CHALLENGE

'"'A preemptive suit does not seek a remedy for *specified* misconduct in the nonjudicial foreclosure process, which may provide a basis for a valid cause of action," but rather "seeks to create an additional requirement for the foreclosing party apart from the comprehensive statutory scheme."'" *Lundy v. Selene Fin., LP*, No. 15-cv-05676-JST, 2016 U.S. Dist. LEXIS 35547, at *36 (N.D. Cal. Mar. 17, 2016) (citing *Siliga v. Mortg. Elec. Registration Sys., Inc.,* 219 Cal. App. 4th 75, 82, 161 Cal. Rptr. 3d 500, 505 [2013])(citing *Jenkins,* 216 Cal. App. 4th at 511.) Plaintiff has made a sufficient showing that Defendant DB ASSIGNED his Deed of Trust in a "double-cross" of his actual beneficiary, the ACE 2007 HE4 Trust, simultaneously refusing to pay the ACE 2007 HE4 Trust while attempting to collect by foreclosure. (Dkt. 56 [SUF ¶s 26-31]; *Ace v. DB,* supra at 547-548.) Similar to *Nardolillo,* this is an allegation supported by evidence that the note was actually assigned to a specific entity other than the foreclosing party. (Dkt. 30 [SAC ¶s 27-28]; *Nardolillo,* supra at *7-8.)

### V. CONCLUSION

Defendants are incorrect that the only question here is *who* can foreclose. This Court is not tasked with assigning nonjudicial foreclosure rights. The question is

whether *Defendant ELIZON* can foreclose given the substantial evidence, undisputed by Defendants, that the ASSIGNMENT of Plaintiff's deed of trust from FIRST STREET to Defendant DB was VOID, as was every ASSIGNMENT that followed it, because Defendant DB did not pay value for the security.

                                              Respectfully submitted,

Dated:   December 18, 2017       ADVOCATE LEGAL

                                          By:  /s/  Susan M. Murphy        .
                                                 Susan M. Murphy
                                            Attorney for Plaintiff
                                            JOHN ST. DENNIS